UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MAASS FLANGE CORP., USA

CIVIL ACTION

VERSUS

NO. 12-727-JJB

ALL-STATE HOT SHOT LLC., ET AL.

### RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed by Defendant National Truck Funding LLC ("National") (Doc. 35). Plaintiff Maass Flange Corporation, USA ("Maass") has filed an opposition. (Doc. 37). Oral argument is not necessary. For the reasons herein, the Court GRANTS National's Motion for Summary Judgment. (Doc. 35).

I.

On or about September 18, 2012, Maass and Defendant All-State Hot Shot LLC ("All-State") entered into a contract in which two forklift trucks owed by Maass would be transported from Mississippi to Texas. On September 19, 2012, Defendants[1] loaded the forklifts onto a flatbed trailer, which was pulled by an 18-wheel vehicle owned by National and operated by Defendant Willie Wilson ("Wilson"), who is either an employee of All-State or National. En route to Texas, Wilson drove the vehicle under an overpass on Highway 49 in Richland, Mississippi. However, the height of one of the forklifts exceeded the safety clearance, and the forklift struck the overpass, sustaining damages and necessitating over $60,000.00 of repair.

Maass filed this action pursuant to the Carmack Amendment, which imposes liability on motor carriers for loss or damages to goods in interstate transit. 49 U.S.C. § 14706(a). Maass

---

[1] It is unclear from the complaint to which Defendants Maass refers because the allegation does not refer to a specific defendant.

1

alleged that the Defendants are liable to pursuant to the contract. Alternatively, Maass alleges that Defendants are liable for breach of contract because the contract provided that Defendants would transport the forklifts from Mississippi to Texas, and the Defendants failed to do so.

II.

In support of its motion, National argues that while it owns the truck at issue, National only rents vehicles to commercial drivers and does not oversee the drivers. Moreover, National asserts that the driver of the truck, Wilson, was not National's employee. (Doc. 35, Ex. 1). National argues that on September 9, 2012, the truck was rented to Trent Eugene Davis ("Davis") on behalf of All-State pursuant to a rental agreement that was executed on August 23, 2011. (Doc. 35, Ex. 1, Ex. A). The agreement provides that the customer agrees to an automatic renewal of the rental period for 261 weeks. (*Id.*). National contends that it is merely a bailor and Davis and All-State were bailees. Under Louisiana law, the negligence of a bailee cannot be imputed to a bailor. *Blanchard v. Rodrigue*, 340 So.2d 1001, 1006 (La. Ct. App. 1976). *See also Hinkle v. Digby*, 118 So. 2d 902, 902-03 (La. Ct. App. 1960) ("The law in Louisiana is well settled to the effect that the negligence of the borrower of an automobile cannot be imputed to the owner unless the borrower is using the car in the interest of the owner or as his agent or employee."). National asserts that it cannot be held liable for Wilson's negligence because the truck was leased to Davis and All-State, and Wilson was not National's employee.

National also argues that the Carmack Amendment is inapplicable because the Amendment distinguishes between "carriers," "freight forwarders," and "brokers." *See Chubb Group of Insurance Companies v. H.A. Transportation Systems, Inc.*, 243 F. Supp. 2d 1064, 1068 (C.D. Cal. 2002). The Carmack Amendment governs claims against "carriers" and "freight forwarders," but it does not apply to "brokers." *Id.* at 1068-69. A "broker" is a "person, other

2

Case 3:12-cv-00727-JJB-SCR   Document 38   06/03/13   Page 2 of 3

than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation."49 U.S.C. § 13102(2). National asserts that it holds itself out as a rental agency for independent drivers, and thus, cannot be held liable under the Carmack Amendment.

Maas concedes that it has no evidence to dispute National's assertions in its motion for summary judgment, and therefore, does not oppose the motion.

III.

Accordingly, Defendant National Truck Funding LLC's Motion for Summary Judgment is GRANTED. (Doc. 35).

Signed in Baton Rouge, Louisiana on June 3rd, 2013.

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

3